**NOT FOR PUBLICATION**

**FILED**

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIDAL ANTONIO GARCIA-RAMOS, | No. 15-72103 |
| Petitioner, | Agency No. A205-845-708 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Vidal Antonio Garcia-Ramos, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The BIA did not err in finding that Garcia-Ramos did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's determination that Garcia-Ramos otherwise failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Garcia-Ramos' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Garcia-Ramos failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject Garcia-Ramos' contention as to the applicability of a lower "standard of proof" for determining CAT relief.

**PETITION FOR REVIEW DENIED.**